## S02Y0216. IN THE MATTER OF MICHAEL W. VOGEL.
### (555 SE2d 733)

PER CURIAM.

This matter is before the Court on the special master's report and recommendation that Respondent Michael W. Vogel be disbarred for his violations of Standards 22 (b) (lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice, allowing time for employment of other counsel, delivering all papers and property to which the client is entitled and complying with applicable rules and laws); 23 (lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); 44 (lawyer shall not without just cause to the detriment of his client wilfully abandon or disregard a legal matter entrusted to him); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). Although Vogel was personally served with the Formal Complaint against him, he failed to answer within the time required by Bar Rule 4-212 (a) and, accordingly, the facts alleged and violations charged in the Formal Complaint are deemed admitted. As Vogel did not request a Review Panel review, he is deemed to have waived his right to file exceptions with or make request for oral argument to this Court. Bar Rule 4-217 (c).

As deemed admitted, the facts show that a client hired Vogel in September 1999 to represent her in a divorce action and paid Vogel a $1,500 retainer. Vogel filed the complaint on his client's behalf in October 1999, but thereafter failed to respond to any of her repeated attempts to contact him. On January 10, 2000, the client wrote to Vogel terminating his services and directing him to return her papers and property, and refund the retainer. Vogel failed to comply with any of his client's demands, including her later requests for a refund and a statement of accounting for the funds paid. The client hired another attorney to represent her in the divorce and filed a grievance against Vogel, who acknowledged service of the Notice of Investigation but failed to respond to it in accordance with Bar Rules. (This Court suspended Vogel on August 10, 2000, but reinstated him on November 8, 2000.) For his violations of Standards 22 (b), 23, 44, and 68, the special master recommends that Vogel be disbarred, which generally is appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to the client, or knowingly converts client property. In aggravation of discipline, the special master notes Vogel's substantial experience in the practice of law, having been admitted to practice in 1990.

We conclude, as did the special master, that disbarment is the appropriate sanction in this case. Accordingly, the name of Michael W. Vogel hereby is removed from the rolls of attorneys authorized to

practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 30, 2001.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.